Harold Baer, J.
The petitioner, pursuant to article 78 of the CPLR, seeks to compel respondents to remove an accumulation of garbage and refuse which provides a breeding ground for rats and vermin. The answer admits that the yard area adjoining the subject premises contains an accumulation of rotting garbage which constitutes a nuisance. In substance, respondents allege that the adjoining building has been certified as being rodent-infested and that the proper method to treat the condition is the application of rodenticides and that it is making such application to the cellar and various apartments. Respondents contend that experts employed by respondent Department of Health have determined the appropriate treatment method and that this court cannot impose its judgment for that of the Department of Health. Such contention is of doubtful validity.
None of the garbage-filled rat-infested areas described in the petition have ever been treated with a rodenticide nor has the garbage been removed. The only areas considered for such treatment are the interiors of the buildings and the submitted papers are devoid of any showing that chemical applications inside the building will eliminate rat infestation of the garbage heaps located outside the structure.
The opposing papers reveal that the respondent Department of Health displays a callous indifference to conditions which are obviously dangerous and hazardous to the health and safety of the residents in the area in which the buildings are located. While the said respondent’s Bureau of Pest Control has alleged *546 that its function is to carry out rodent-control extermination activities, it has shown that almost one year has elapsed since it has applied rodenticide in the cellar of the structure; that such chemicals have not been applied in any other areas under control of the landlord or used in common by the tenants; and that only sporadic chemical applications have been made in the apartments.
In summary, the records of respondent Department of Health establish that the premises were certified to be rat-infested on July 24, 1968, and no facts are furnished to indicate that the identical condition does not continue unabated at this time. Under such circumstances, the petitioner has established the right to relief pursuant to article 78 of the CPLR. However, petitioner has failed to establish the right to such relief with respect to respondent Mayor of the City of New York, and the petition, insofar as it seeks relief against said respondent, is denied.
Accordingly, the petition is granted to the extent that respondent Department of Health of the City of New York is directed to take immediate appropriate steps to eliminate rodent infestation of the subject premises.